

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00139-CR

_____

BRANDON DUANE TOSH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 84th District Court
Ochiltree County, Texas,
Trial Court No. 5414, Honorable Curtis W. Brancheau, Presiding

July 18, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

After Appellant, Brandon Duane Tosh, was convicted by a jury of fraudulent possession of identifying information[1] and sentenced to confinement for one year,[2] he

---

[1] *See* TEX. PENAL CODE ANN. 32.51(b), providing in relevant part: "A person commits an offense if the person, with the intent to harm or defraud another, obtains [or] possesses . . . an item of: (1) identifying information of another person without the other person's consent or effective consent . . . (3) identifying information of a child younger than 18 years of age."

[2] *See* TEX. PENAL CODE ANN. 32.51(c)(1) (a state jail felony).

brought this appeal. His counsel filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

The record reflects that around noontime on Thanksgiving Day in 2019, Adriana Angel was pumping gas into her vehicle at Garrison's gas station in Perryton, Texas. As she drove away from the pump, her pink wallet fell from the roof of her car and onto the parking lot. James Akridge, a passenger in a nearby white SUV, saw the pink wallet fall, picked it up, and returned it to his seat in the SUV. Appellant Tosh was a passenger in the front passenger seat of the vehicle.

The SUV left the gas station and drove away. According to Akridge, a third passenger handed Appellant a checkbook containing checks in Angel's name and showing her checking account number. As the SUV drove around Perryton, that passenger and Appellant discussed how to obtain money from Angel's checks and credit cards.

Angel discovered the missing wallet and returned to Garrison's. An employee of Garrison's watched the station's video surveillance footage and discovered Akridge picking up the wallet and leaving. Shortly thereafter, the Perryton Police Department was notified, and an officer also reviewed the surveillance video footage. The white SUV then passed one of the police officers. Believing that the vehicle matched what had been viewed on the surveillance video, officers stopped the white SUV.

---

[3]*See Anders v. California,* 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Akridge then exited the vehicle and produced the pink wallet to the officer. Consent was given to search the SUV. Officers found Angel's checkbook near the door of the passenger seat where Appellant had been sitting.

Appellant's counsel has certified that after diligently searching the record, he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In a letter, Appellant's counsel notified him of his motion to withdraw, provided him with a copy of the motion, and the *Anders* brief. His counsel also provided Appellant with a copy of the appellate record and informed him of his right to file a pro se response. *See Kelly v. State*, 430 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant filed a pro se response. The State has not filed a brief.

We have carefully reviewed counsel's *Anders* brief, Appellant's pro se response, and conducted an independent review of the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we conclude there are no plausible grounds for appellate review. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v.*

*State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Therefore, we grant counsel's motion

to withdraw and affirm the judgment of the trial court.[4]


                                        Lawrence M. Doss
                                        Justice


Do not publish.

---

[4] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n. 33.